UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDI FISHER,<br><br>         Plaintiff,<br><br>   v.<br><br>CITY OF MODESTO, a municipal corporation; HORACIO RUIZ, a police officer; MICHAEL HARDAN, police chief; and Does 1 through 20, inclusive,<br><br>         Defendants.<br>_____ | 1:10-cv-1029 OWW JLT<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 9/12/11<br><br>Non-Dispositive Motion Filing Deadline: 9/27/11<br><br>Non-Dispositive Motion Hearing Date: 10/28/11 9:00 Bakersfield<br><br>Dispositive Motion Filing Deadline: 10/17/11<br><br>Dispositive Motion Hearing Date: 11/21/11 10:00 Ctrm. 3<br><br>Settlement Conference Date: 9/21/11 10:00 Bakersfield<br><br>Pre-Trial Conference Date: 1/9/12 11:00 Ctrm. 3<br><br>Trial Date: 2/22/12 9:00 Ctrm. 3 (JT-7 days) |

I.    Date of Scheduling Conference.

    October 13, 2010.

II.   Appearances Of Counsel.

    John L. Burris, Esq., appeared on behalf of Plaintiff.

1

Meyers, Nave, Riback, Silver & Wilson by Kimberly E. Colwell, Esq., appeared on behalf of Defendant Officer Ruiz.

James F. Wilson, Esq., appeared on behalf of Defendants City of Modesto and Chief Michael Hardan.

III.   Summary of Pleadings.

1.   Plaintiff Randi Fisher alleged to have been subjected to an improper arrest which also resulted in excessive force being employed against her by Defendant Officer Horacio Ruiz, a police officer with the City of Modesto.  Plaintiff alleges to have incurred a broken arm as a result of her encounter with Officer Ruiz on the date in question and claims to have suffered emotional damages as well.

2.   Defendants admit that the encounter occurred, but dispute Plaintiff's allegations of a lack of probable cause as well as excessive force.

IV.   Orders Re Amendments To Pleadings.

1.   Defendants City of Modesto and Chief Hardan have previously submitted a Motion to Dismiss Plaintiff's Complaint. In return Plaintiff has requested authorization to submit an amended complaint with further allegations against the City and Chief Hardan sufficient to establish a *Monell* cause of action. The Plaintiff shall have thirty (30) days to amend the complaint following electronic service of the order for dismissal.

V.   Factual Summary.

A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1.   Plaintiff interacted with Officer Ruiz on June 9, 2009.  However, the parties dispute the facts pertaining to the

1  discussions between Officer Ruiz and Plaintiff, as well as the
2  extent of force employed by Officer Ruiz.

3          2.   Officer Horacio Ruiz is a duly appointed and acting
4  peace officer in the State of California employed by the City of
5  Modesto.

6          3.   City of Modesto is a charter city and public
7  entity in the State of California.

8          4.   Michael Hardan was at all times alleged the police
9  chief for the City of Modesto.

10         5.   The parties agree that Officer Ruiz was at all
11 times alleged, acting under color of law and within the course
12 and scope of his employment as a peace officer for the City of
13 Modesto.

14    B.    Contested Facts.

15         1.   All remaining facts are contested.

16 VI.  Legal Issues.

17    A.    Uncontested.

18         1.   Jurisdiction exists under 28 U.S.C. § 1331 and 42
19 U.S.C. §§ 1983 et seq.

20         2.   Venue is proper under 28 U.S.C. § 1391.

21         3.   As to any supplemental claims, the parties agree
22 that the substantive law of the State of California provides the
23 rule of decision.

24    B.    Contested.

25         1.   All remaining legal issues are disputed.

26 VII. Consent to Magistrate Judge Jurisdiction.

27    1.    The parties have not consented to transfer the
28 case to the Magistrate Judge for all purposes, including trial.

VIII.      Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Discovery Plan and Cut-Off Date.

    1.    The parties have agreed to stay discovery pending completion of mediation on or before January 20, 2011.

    2.    The parties shall make their initial disclosures by June 30, 2011.

    3.    The parties are ordered to complete all non-expert discovery on or before June 24, 2011.

    4.    The parties are directed to disclose all expert witnesses, in writing, on or before July 15, 2011.  Any rebuttal or supplemental expert disclosures will be made on or before August 12, 2011.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    5.    The parties are ordered to complete all discovery,

including experts, on or before September 12, 2011.

6. The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions.

X. Pre-Trial Motion Schedule.

1. All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before September 27, 2011, and heard on October 28, 2011, at 9:00 a.m. before Magistrate Judge Jennifer Thurston whose courtroom is located at 1300 18th Street, Suite A, Bakersfield, California.

2. In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d). However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

3. All Dispositive Pre-Trial Motions are to be filed no later than October 17, 2011, and will be heard on November 21, 2011, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI. Pre-Trial Conference Date.

1. January 9, 2012, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2. The parties are ordered to file a Joint Pre-

1  Trial Statement pursuant to Local Rule 281(a)(2).

2      3.    Counsel's attention is directed to Rules 281

3  and 282 of the Local Rules of Practice for the Eastern District

4  of California, as to the obligations of counsel in preparing for

5  the pre-trial conference.  The Court will insist upon strict

6  compliance with those rules.

7  XII. Motions - Hard Copy.

8      1.    The parties shall submit one (1) courtesy paper copy to

9  the Court of any motions filed.  Exhibits shall be marked with

10  <u>protruding numbered or lettered tabs</u> so that the Court can easily

11  identify such exhibits.

12  XIII.  Trial Date.

13      1.    February 22, 2012, at the hour of 9:00 a.m. in

14  Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger,

15  United States District Judge.

16      2.    This is a jury trial.

17      3.    Counsels' Estimate Of Trial Time:

18          a.    Five to seven days.

19      4.    Counsels' attention is directed to Local Rules

20  of Practice for the Eastern District of California, Rule 285.

21  XIV. Settlement Conference.

22      1.    A Settlement Conference is scheduled for September 21,

23  2011, at 10:00 a.m. before the Honorable Jennifer L. Thurston,

24  United States Magistrate Judge whose chambers are located at 1200

25  Truxtun Avenue, Suite 120, Bakersfield, California.

26      2.    Unless otherwise permitted in advance by the

27  Court, the attorneys who will try the case shall appear at the

28  Settlement Conference with the parties and the person or persons

having full authority to negotiate and settle the case on any terms at the conference.

3.    Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4.    Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

5.    The Confidential Settlement Conference Statement shall include the following:

a.    A brief statement of the facts of the case.

b.    A brief statement of the claims and

7

defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

   c. A summary of the proceedings to date.

   d. An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

   e. The relief sought.

   f. The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

  1. There are no suggestions for shortening trial, except that the issue of the amount of punitive damages, if any, shall be tried in a second phase in a continuous trial before the same jury.

XVI. Related Matters Pending.

  1. There are no related matters.

XVII. Compliance With Federal Procedure.

  1. The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

///

**XVIII.      Effect Of This Order.**

      1.    The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

      2.    Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

      3.    Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated:    October 13, 2010                    /s/ Oliver W. Wanger**
                                          UNITED STATES DISTRICT JUDGE