SUSANA ALCALA WOOD, City Attorney #156366
JAMES F. WILSON, Senior Deputy City Attorney #107289
City of Modesto
P.O. Box 642
1010 Tenth Street, Suite 6300
Modesto, California 95353
Telephone: (209) 577-5284
Facsimile: (209) 544-8260

Attorneys for Defendants
CITY OF MODESTO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | |
|---|---|
| **RANDI FISHER,** | No. 1:10-CV-01029-OWW-JLT |
| Plaintiff, | |
| vs. | **ORDER ON MOTION BY DEFENDANTS CITY OF MODESTO AND CHIEF MICHAEL HARDEN FOR DISMISSAL OF PLAINTIFF'S COMPLAINT** |
| **CITY OF MODESTO, a municipal corporation; HORACIO RUIZ, a police officer, MICHAEL HARDAN, police chief and DOES 1 through 20, Inclusive,** | |
| Defendants. | |

**INTRODUCTION**

On June 8, 2010, Plaintiff filed a complaint in United States District Court for the Eastern District of California, alleging six causes of action against the City of Modesto, Modesto Police Officer Horacio Ruiz, and Modesto Chief of Police Michael Harden. (Doc. 5.)

Plaintiff alleges (1) false arrest, (2) excessive force, (3) state civil rights violations for false arrest and excessive force, (4) assault, (5) battery, and (6) false imprisonment. (Doc. 5.)

Before the court for decision is the motion of defendants City of Modesto and Chief Michael harden to dismiss pursuant Federal Rule Civil Procedure 12(b)(6). (Doc.9.) Plaintiff has filed her statement of non-opposition to this motion which seeks leave to amend the complaint. (Doc. 11.) Based upon the plaintiff's non-opposition to said motion, the hearing was vacated pending the issuance of the instant order. (Doc. 13.)

## BACKGROUND

This is a civil rights action arising from an incident in which plaintiff Randi Fisher was arrested by defendant Modesto Police Officer Horacio Ruiz.

Plaintiff alleges that, on June 4, 2009, she was arrested without probable cause by defendant Ruiz, who used excessive force in effecting that arrest. (Doc. 5 at paragraph 12.)

## STANDARDS OF DECISION

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). To sufficiently state a claim for relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri,* 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock,* 549 U.S. 199, 215 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal,* 129 S. Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 683 (9th Cir. 2009). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally

convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie,* 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials -- documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

## ANALYSIS

Plaintiff concedes that the complaint is defective on its face for the reasons stated by defendants City and Harden in their moving papers. (Doc. 11.) Plaintiff claims to have inadvertently failed to include a Monell claim against said defendants in her complaint, and seeks leave to file an amended complaint in which said defect can and will be cured. (Doc. 11.)

The federal rules require that leave to amend should be freely given "when justice so requires." FRCP 15(a)(2). This policy is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc*. (9th Cir., 2003) 316 F.3d 1048, 1051. The party seeking leave to amend need only establish the reason why amendment is required. The burden is then on the party opposing the motion to convince the court that "justice" requires denial. *Shipner v. Eastern Air Lines, Inc*. (11th Cir. 1989) 868 F.2d 401, 406-407.

## CONCLUSION

For the reasons set forth above, the motion to dismiss by defendants City of Modesto and Chief Michael Harden is **GRANTED IN ITS ENTIRETY WITH LEAVE TO AMEND**. Plaintiff shall have 30 days from the date of electronic service of this memorandum decision and order to file an amended complaint. Defendants shall have 30 days to respond.

IT IS SO ORDERED.

**Dated:   October 18, 2010**                           /s/ Oliver W. Wanger
                                                                    UNITED STATES DISTRICT JUDGE