LAW OFFICES OF JOHN BURRIS
JOHN L. BURRIS, ESQ (SBN 69888)
STEVEN R. YOURKE (SBN 118506)
7677 Oakport St., Suite 1120
Oakland, CA  94621
Phone: (510) 839-5200
Fax: (510) 839-3882
Email: steven.yourke@johnburrislaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT,

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDI FISHER,<br><br>          Plaintiff,<br>     vs.<br><br>CITY OF MODESTO, a municipal corporation, HORACIO RUIZ, a police officer, MICHAEL HARDAN, police chief, and Does 1 through 20 inclusive,<br><br>          Defendants. | CASE NO.:<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. Section 1983) AND RELATED STATE LAW CLAIMS**<br><br>**(JURY TRIAL DEMANDED)** |

**JURISDICTION AND VENUE**

1.     Plaintiff sues for violation of civil rights pursuant to 42 U.S.C. section 1983.  This court has jurisdiction over such claims pursuant to 28 U.S.C. sections 1331 and 1343.

2.     The acts and omissions giving rise to Plaintiffs claims occurred in Modesto, California and therefore the appropriate venue for this action is the United States District Court for the Eastern District of California located in Fresno, California.

## IDENTIFICATION OF PARTIES

3. Plaintiff RANDI FISHER is an eighteen year old high school student who resides in Modesto, California.

4. Defendant CITY OF MODESTO (hereinafter "CITY") is a municipal corporation duly organized and existing under the laws of the State of California.

5. Defendant MICHAEL HARDAN was at all relevant times the Chief of Police for the City of Modesto and he committed the acts complained of herein while acting as such and he is sued herein in his official capacity.

6. Defendant HORACIO RUIZ was at all relevant times a police officer employed by defendant CITY and he committed the acts complained of herein while acting within his official capacity. He is sued in both his individual and official capacities.

7. Plaintiff is unaware of the true names and capacities of those defendants named herein as Does 1 through 20 and therefore sues said defendants by such fictitious names. Plaintiff will substituted the true names of such defendants when they become known to her.

8. All defendants acted under color of law in committing the acts complained of herein.

9. Defendants RUIZ and HARDAN committed the acts complained of herein while employed by the CITY and did so while acting within the course and scope of their duties.

10. Plaintiff demands a jury trial.

11.   Plaintiff has complied with all necessary requirements of the Government Tort Claims Act of the State of California.

12.   On or about June 4, 2009, at approximately 4:00 p.m., plaintiff RANDI FISHER, then aged 17 years, was unlawfully arrested and subjected to unreasonable use of force by Modesto Police Officer HORACIO RUIZ. The arrest occurred at the Vintage Faire Mall in Modesto. Plaintiff was walking through the mall with her cousin Tabitha and their friend Shanice, who was chewing on a water bottle top. Shanice started choking on the bottle top and she coughed and the bottle cap flew out of her mouth and over the railing at the top inside the mall court. A security guard approached the young ladies and ordered them to leave the mall. The girls walked to the parking lot where they waited around for Plaintiff's mother to pick them up. Officer RUIZ was on duty in his patrol car which was parked in the parking lot. One of the girls realized that she had left her sweater in the mall and she wanted to go back and retrieve it.  The girls approached Officer RUIZ and told him they wanted to go back and retrieve the sweater. RUIZ checked with mall security who told him that girls could not come back and he so informed the girls. Plaintiff expressed her disappointment and stated "This is bullshit" to Tabitha who replied by asking Plaintiff why the police and security guards had to behave like such "pigs". At this, RUIZ drove up to the girls who were walking out of the parking lot toward the main roadway and stopped his patrol car right in front of them. Then RUIZ jumped out of his car and grabbed Plaintiff, handcuffed her, put her in the back seat of the patrol car and took her to the mall's detention station. When they arrived curbside, RUIZ jumped out of the

car and grabbed Plaintiff out of the back seat very roughly, bending her left hand backwards towards her wrist. Plaintiff could feel her wrist snap while she was handcuffed. Then, at the detention station, RUIZ pulled a chair out from under her when she was sitting down and slammed her to the ground. Plaintiff was overcome with panic. RUIZ searched through Plaintiff's purse and found no contraband. Plaintiff's mother arrived shortly afterward and immediately took Plaintiff to the hospital. At hospital, X-rays were taken which confirmed that her left wrist was fractured. Plaintiff wore a stabilizing brace on her left arm for several weeks after the incident.

## STATEMENT OF INJURIES

13. The conduct of the defendants complained of herein proximately caused Plaintiff to suffer severe and continuing mental and emotional injury including post traumatic stress disorder, panic attacks and depression.

14. Plaintiff was set to start a new job working at Starbucks Coffee when the incident occurred and could not do so due to her injuries and thus lost earnings of an undetermined amount.

## . FIRST CAUSE OF ACTION
## Violation of Civil Rights – 42 U.S.C. section 1983
## Arrest Without Probable Cause

15. Defendant Officer RUIZ arrested Plaintiff without an arrest warrant and without probable cause to believe that she had committed any offense thereby violating her right to be free from unreasonable seizures protected by the Fourth Amendment to the United States Constitution.

//

**SECOND CAUSE OF ACTION**
**Violation of Civil Rights – 42 U.S.C. section 1983**
**4th Amendment - Unreasonable Use of Force**

16. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 14, above, as if fully set forth:

17. Officer RUIZ used unreasonable force in conducting the arrest, thereby violating Plaintiff's right to be free from unreasonable seizure protected by the Fourth Amendment to the United States Constitution and proximately causing her injury as described herein.

**THIRD CAUSE OF ACTION**
**Violation of Civil Rights – Cal. Civil Code sections 51.7 and 52.1**
**Arrest Without Probable Cause**

18. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 14, above, as if fully set forth:

19. Defendant Officer RUIZ arrested Plaintiff without probable cause to believe that she had committed any offense and used unreasonable force in so doing, thereby violating her right to be free from unreasonable seizures protected by the Fourth Amendment to the United States Constitution.

**FOURTH CAUSE OF ACTION**
**(Monell – Against CITY OF MODESTO and Police Chief HARDIN)**

20. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 14, above, as if fully set forth:

21. Defendants CITY OF MODESTO and Police Chief HARDAN had a legal duty to properly train, supervise and discipline its police officers in order to protect the safety of members of the public who are contacted by its police.

22. Said defendants were deliberately indifferent to said duties and therefore failed to adequately train, supervise and discipline its police officers, including defendant Officer RUIZ.

23. Said failure to train, supervise and discipline its police officers proximately caused injury to Plaintiff as set forth herein;

WHEREFORE Plaintiff sues for relief as set forth below:

## FIFTH CAUSE OF ACTION
### Assault

24. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 16, above, as if fully set forth:

25.  Defendant RUIZ acted intentionally and in such a manner as to cause Plaintiff to reasonably apprehend that she would be the victim of a harmful and offensive touching.

## SIXTH CAUSE OF ACTION
### Battery

26. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 16, above, as if fully set forth:

27. Defendant RUIZ intentionally touched Plaintiff in a harmful or offensive Manner and causing her injury as described herein.

## SEVENTH CAUSE OF ACTION
### (Negligent Hiring and Retention )
### Against CITY OF MODESTO and Police Chief HARDAN

28. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 14, above, as if fully set forth:

29. Said defendants and each of them owed a duty of care to members of the public, including Plaintiff, to exercise due care in the hiring and retention of defendant Officer RUIZ.

30. Said defendants and each of them either knew or, by the exercise of reasonable care, should have known that RUIZ was unfit to work as a police officer when the hired him and certainly before the date of the subject incident and therefore should not have fired him in the first place or should have terminated his employment before the subject incident occurred.

31. The failure of the CITY to exercise reasonable care in hiring and retaining defendant RUIZ proximately caused injury to Plaintiff as set forth herein.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff sues for relief as set forth below:

For general damages in the amount of $5,000,000.00;

For special damages in amount to be determined at trial;

For punitive damages against defendant RUIZ in the amount of $500,000.00;

For costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988;

For all other relief to which she may be legally entitled.

Dated: November 15, 2010        LAW OFFICE OF JOHN BURRIS

/s/ Steven Yourke

_____
John L. Burris, Esq.
Steven R. Yourke, Esq.
Attorneys for plaintiff
RANDI FISHER