**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RANDI FISHER,** | **1:10-cv-01029 OWW JLT** |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS** |
| **v.** | |
| **CITY OF MODESTO, a municipal corporation; HORACIO RUIZ, a police officer; MICHAEL HARDAN, police chief and DOES 1 through 20 inclusive,** | **(DOC. 21)** |
| **Defendants.** | |

### I. INTRODUCTION

Plaintiff Randi Fisher ("Plaintiff") proceeds with this action against Defendants City of Modesto (the "City"), Horacio Ruiz ("Officer Ruiz"), and Michael Hardan ("Chief Hardan") (collectively, "Defendants"), alleging claims for civil rights violations pursuant to 42 U.S.C. § 1983 and the Fourth Amendment of the Constitution; violation of California Civil Code § 51.7 (Unruh Civil Rights Act) and California Civil Code § 52.1 (Bane Civil Rights Act); assault and battery; and negligent hiring and retention.

Before the court is the City and Chief Hardan's motion to dismiss Plaintiff's first amended complaint ("FAC"). Doc. 21. Plaintiff filed an opposition (Doc. 22), to which the City and Chief Hardan replied (Doc. 24).

## II. BACKGROUND

This action arises from an incident which occurred on or about June 4, 2009 at approximately 4:00 p.m. Plaintiff, a female high school student who was then 17 years old, was walking through the Vintage Fair Mall in the City with her cousin, Tabitha, and friend, Shanice. Shanice choked on a water bottle top, coughed, and expelled the bottle cap out of her mouth over a railing into the mall court. A security guard ordered the girls to leave. The girls exited and walked to the parking lot to wait for Plaintiff's mother to pick them up.

One of the girls realized she had forgotten her sweater inside the mall. They approached Officer Ruiz, who was on duty in his parked patrol car in the parking lot. When the girls told Officer Ruiz that they wanted to go back in the mall to retrieve the sweater, Officer Ruiz called mall security. Mall security told Officer Ruiz the girls could not reenter the mall, and he relayed this message to them. Plaintiff said, "This is bullshit," and Tabitha asked why the police and security guards had to behave like such pigs.

As the girls were walking out of the parking lot toward the main roadway, Officer Ruiz stopped his patrol car in front of them. Officer Ruiz got out of his car, grabbed Plaintiff, handcuffed her, and put her in the back seat of the patrol car. When they arrived at the mall's detention station, Officer Ruiz

grabbed Plaintiff out of the backseat roughly and bent her left hand backwards towards her wrist. Plaintiff felt her wrist snap while she was handcuffed. At the detention station, Officer Ruiz pulled a chair out from under Plaintiff when she was sitting down and slammed her to the ground. Officer Ruiz searched Plaintiff's purse but did not find any contraband.

Plaintiff's mother arrived shortly afterward and took Plaintiff to the hospital. Hospital x-rays confirmed that Plaintiff's left wrist was fractured. Plaintiff wore a stabilizing brace on her left arm for several weeks after the incident.

On May 25, 2010, Plaintiff filed a complaint against Defendants. Officer Ruiz filed an answer (Doc. 10), and the City and Chief Hardan filed a motion to dismiss the complaint (Doc. 9). Plaintiff filed a statement of non-opposition to the motion to dismiss (Doc. 11), and it was granted with leave to amend (Doc. 19). Plaintiff filed the FAC on November 15, 2010. Doc. 20. On November 29, 2010, the City and Chief Hardan filed a motion to dismiss the FAC. Doc. 21. Plaintiff filed an opposition on February 14, 2011 (Doc. 22), to which the City and Chief Hardan replied on February 17, 2011 (Doc. 24).

### III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to

3

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). A complaint does not need detailed factual allegations, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In deciding a motion to dismiss, the court should assume the veracity of "well-pleaded factual allegations," but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 127 S.Ct. at 1950. "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'Naked assertion[s]' devoid of 'further factual enhancement'" are also insufficient. *Iqbal*, 127 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Instead, the complaint must contain enough facts to state a claim to relief that is "plausible on its face." *Twombly*, 550 U.S. at 570.

A claim has facial plausibility when the complaint's factual content allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Iqbal*, 127 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "A well-pleaded complaint may proceed

**4**

even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683 (1974)).

The Ninth Circuit summarizes the governing standard as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)(quotations omitted).

If a district court considers evidence outside the pleadings, a Rule 12(b)(6) motion to dismiss must be converted to a Rule 56 motion for summary judgment, and the nonmoving party must be given an opportunity to respond. *U.S. v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

## IV. DISCUSSION

### A. Plaintiff's Claims against City of Modesto

The City moves to dismiss Plaintiff's first, second, and seventh causes of action against it.

### 1. First and Second Causes of Action: Violation of Civil Rights under 42 U.S.C. § 1983 (Arrest Without Probable Cause, Unreasonable Use of Force)

The City contends that the First and Second Causes of Action cannot state a claim against it under 42 U.S.C. § 1983, as insufficient facts are alleged to meet the requirements of liability under *Monell v. Department of Social Services of New York,* 463 U.S. 658 (1978), and in reality Plaintiff is attempting to assert *respondeat superior* liability against a public entity, which *Monell* does not permit. Plaintiff rejoins that the first and second causes of action are asserted only against Officer Ruiz. The City argues that the FAC does not clearly specify which causes of action are asserted against which Defendants.

The City's motion to dismiss the first and second causes of action against it is DENIED. Plaintiff may AMEND the headings in the FAC to specify each Defendant sued in each cause of action.

### 2. Seventh Cause of Action: Negligent Hiring and Retention

The City contends that the California Tort Claims Act shields it from liability from the Seventh Cause of Action. Plaintiff rejoins that the Seventh Cause of Action is asserted against the City for Chief Hardan's negligent hiring and retention of Officer Ruiz based on the doctrine of respondeat superior.

California Government Code § 815 provides that "[e]xcept as

6

otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee of any other person." Cal. Gov't Code § 815(a). California Government Code § 815.2(a) provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code § 815.2(a). Under this provision, the Ninth Circuit held that a county was not immune from suit for several state law claims, including negligence and gross negligence, based on its employee officers' use of excessive force. *Robinson v. Solano Cnty.*, 278 F.3d 1007, 1016 (9th Cir. 2002). The California Tort Claims Act therefore does not shield the City from the Seventh Cause of Action for negligence.

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Philips v. TLC Plumbing, Inc.*, 172 Cal.App.4th 1133, 1139, 91 Cal.Rptr.3d 864 (2009) (quoting *Mendoza v. City of L.A.*, 66 Cal.App.4th 1333, 1339, 78 Cal.Rptr.2d 525 (1998)). In California, an employer may be liable to a third party for its negligence in hiring or retaining an employee who

7

is incompetent or unfit. *Philips*, 172 Cal.App.4th at 1139 (quoting *Roman Catholic Bishop v. Super. Ct.*, 42 Cal.App.4th 1556, 1564-1565, 50 Cal.Rptr.2d 399 (1996)). Liability for negligent hiring will be imposed on an employer if it "knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes." *Delfino v. Agilent Techs., Inc.*, 145 Cal.App.4th 790, 815, 52 Cal.Rptr.3d 376 (2006) (quoting *Doe v. Capital Cities*, 50 Cal.App.4th 1038, 1054, 58 Cal.Rptr.2d 122 (1996)). "Liability for negligent ... retention of an employee is one of direct liability for negligence, not vicarious liability." *Delfino*, 145 Cal.App.4th at 815 (quoting 2 DOBBS, THE LAW OF TORTS § 333, 906 (2001)).

The FAC alleges that the City and Defendant Harlan owed a duty of care to members of the public to exercise due care in the hiring and retention of Officer Ruiz. Doc. 20, ¶ 29. The FAC also alleges that the City and Defendant Harlan either knew or, by the exercise of reasonable care, should have known that Officer Ruiz was unfit to work as a police officer when they hired him and before the date of the subject incident, and should have fired him in the first place or terminated his employment after the subject incident. *Id.* at ¶ 30. The FAC also alleges that the City's failure to exercise reasonable care in hiring and retaining Officer Ruiz proximately caused injury to Plaintiff. *Id.* at ¶ 31. These allegations are sufficient to survive a motion

to dismiss.

The City's motion to dismiss Plaintiff's seventh cause of action against the City is DENIED.

B. **Plaintiff's Claims against Chief Hardan**

The FAC alleges that Chief Hardan "was at all relevant times the Chief of Police for the City of the City and he committed the acts complained of herein while acting as such and he is sued herein in his official capacity." Doc. 20, ¶ 5. Chief Hardan moves to dismiss all causes of action against him in his official capacity as redundant. Defendant cites *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099 (1985):

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.

*Id.* at 165-166 (internal citations omitted). Defendant also cites *Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Department*, 533 F.3d 780, 799 (9th Cir. 2008), for its holding that "[w]hen both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant."

Plaintiff concedes that the FAC incorrectly sues Chief Hardan in his official capacity and requests leave to amend the

9

FAC to sue Chief Hardan in his individual capacity.

The motion to dismiss the FAC against Chief Hardan in his official capacity is GRANTED WITH LEAVE TO AMEND.

### V. CONCLUSION

For the reasons stated:

1. The City's and Hardan's motions to dismiss are GRANTED in part and DENIED in part, as follows:
    a. The City's motion to dismiss the first and second causes of action against the City is DENIED. Plaintiff is GRANTED LEAVE TO AMEND the headings in the FAC to specify each Defendant sued in each cause of action.
    b. The City's motion to dismiss Plaintiff's seventh cause of action against it is DENIED.
    c. Chief Hardan's motion to dismiss the FAC as to the Chief in his official capacity is GRANTED WITH LEAVE TO AMEND.
2. Plaintiff shall submit a proposed form of order consistent with this memorandum decision within five (5) days of electronic service of this memorandum decision.

SO ORDERED.

DATED:     March 1, 2011

/s/ Oliver W. Wanger
Oliver W. Wanger
United States District Judge